J. A03038/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL SCHRINER AND ROBIN SCHRINER, | : | IN THE SUPERIOR COURT OF |
| Appellants | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ONE BEACON INSURANCE COMPANY, ET AL. | : | |
| v. | : | No. 852 MDA 2016 |
| | : | |
| DAVID W. KNAUER, ESQ. AND JORDAN D. CUNNINGHAM, ESQ. | : | |

Appeal from the Order Entered April 22, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2015-CV-2735

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 26, 2017**

This case involves Appellants'[1] attempts to assert a bad faith claim against Appellees[2] after Appellants released Appellees' insured from all liability. It is also an attempt to enforce a $5,100,000 Judgment, which Appellants' attorney obtained by representing all of the defendants and plaintiffs before a jury trial. We conclude that, although the trial court improperly vacated the $5,100,00 Judgment, the trial court properly found

---

[1] Appellants are Michael Schriner and Robin Schriner.

[2] Appellees are One Beacon Insurance Co., Liberty Mutual Insurance Co., and Peerless Insurance Co. (collectively, the "Insurance Company Appellees), and Looker Wolfe & Gephart Insurance Agency, Inc. ("LWG").

that the Appellants, by releasing the insured from all liability, could not establish a bad faith claim against Appellees and properly granted Appellees' Motion for Summary Judgment. Accordingly, we affirm in part, and reverse in part.

The relevant facts and procedural history, as gleaned from the Certified Record, are as follows. Walter, Otto, and Louis Schaffhauser[3] owned, as tenants-in-common, a property with a house on it that they leased to Walter's daughter, Appellant Robin Schriner. Before 2002, the Schaffhauser brothers purchased an insurance policy for the entire property, insuring each of them as tenants in common. In 2002, however, Walter insured the property through his homeowners' insurance policy and Otto and Louis did not obtain any coverage for their ownership interest in the property.

<u>2004 Lawsuit for Personal Injuries</u>

On November 29, 2004, Appellants, Robin and Michael Schriner, who were married and lived in the house, filed a Complaint against Walter, Otto, and Louis alleging that they suffered injuries when the property's baseboard heating system leaked, causing toxic mold growth behind drywall in the basement (the "2004 Lawsuit").

---

[3] For ease of understanding, we will refer to the Schaffhauser brothers by their first names.

Walter immediately notified his insurance company, Appellee One Beacon Insurance Company ("One Beacon"), of the 2004 Lawsuit. One Beacon retained counsel to represent Walter and counsel filed Preliminary Objections to Appellants' Complaint.

Louis and Otto, who did not have insurance for their interest in the property, retained private counsel who filed Preliminary Objections on their behalf.

Two years later, on April 28, 2006, the trial court sustained Walter's Preliminary Objections and dismissed him from the case. The court listed Otto's and Louis's Preliminary Objections for disposition.

Rather than proceed with Louis's and Otto's Preliminary Objections for disposition and possible dismissal of the Complaint, counsel for Louis and Otto took no action for the court to dispose of the Preliminary Objections. Instead, in 2009, Louis and Otto entered into a Joint Tortfeasor Release[4] ("2009 Release") with Appellants. In the 2009 Release, Appellants released Louis and Otto from any liability arising from the allegations in the 2004 Lawsuit. Louis and Otto, in exchange, assigned to Appellants any claims that Louis and Otto might have against Walter for contribution and against Walter's insurance companies for bad faith for failing to provide them with coverage for the 2004 Case.

---

[4] The trial court and the parties sometimes refer to the Joint Tortfeasor Release as a Settlement Agreement.

On August 11, 2009, Appellants' attorney, David Knauer, while still representing Appellants, entered his appearance in the 2004 Lawsuit on behalf of Otto, and withdrew Otto's Preliminary Objections.

On November 10, 2009, Jordan Cunningham, Esquire, Administrator of the Estate of Louis Schaffhauser[5] (the "Estate") withdrew the pending Preliminary Objections on behalf of the Estate. Attorney Knauer then entered his appearance on behalf of the Estate.

At this stage of the proceedings, Attorney Knauer was representing not only Appellants—the plaintiffs in the 2004 Lawsuit—but also Otto and the Estate—the remaining defendants in the 2004 Lawsuit. Since Attorney Knauer was representing all of the plaintiffs and defendants, he filed an unopposed Praecipe to Enter Judgment on the issue of liability in favor of Appellants and against Otto and the Estate of Louis.

On March 15-16, 2010, the trial court presided over a jury trial to assess damages in the 2004 Lawsuit. Attorney Knauer continued to "represent" all of the plaintiffs and defendants at trial.[6] Again, there was no opposition to Appellants' claims and, not surprisingly, the jury returned a verdict against Otto and the Estate and in favor of Appellants in the amount

---

[5] During the pendency of the 2004 Lawsuit, Otto died and the Estate of Louis Schaffhauser was substituted as a defendant.

[6] Attorney Knauer's actions appear to violate the Pennsylvania Rules of Professional Conduct because he could not possibly zealously represent the defendants in the 2004 case. We, however, leave that determination to Disciplinary Counsel.

of $5,100,000.00 ("2010 Judgment").[7]  On April 14, 2010, the trial court granted Appellants' Motion for Delay Damages, resulting in a total Judgment of $6,690,257.[8]

#### 2010 Lawsuit to Enforce the 2010 Judgment

On April 10, 2010, Attorney Knauer, acting on the rights that Otto and the Estate had assigned to Appellants in the 2009 Release, filed a Complaint against Walter seeking to enforce the 2010 Judgment (the "2010 Lawsuit").

Walter filed a Motion for Summary Judgment in the 2010 Lawsuit, which the trial court granted, thereby dismissing Appellants' efforts to enforce the 2010 Judgment against Walter.

#### 2011 Lawsuit with Bad Faith and Other Claims Against the Appellees

On May 21, 2010, Walter assigned to the Appellants any bad faith claims that Walter might have against the Appellees ("2010 Assignment"). *See* Assignment, 5/21/10 at 1-2 (unpaginated).[9]  On September 29, 2011,

---

[7] The jury divided the Judgment so that $3,600,000.00 was in favor of Michael Schriner and $1,500,000.00 was in favor of Robin Schriner.

[8] Two years later, Appellees filed a Petition to Intervene in the 2004 Lawsuit. The trial court permitted intervention and struck the 2010 Judgment.  The Superior Court reversed this Order, concluding that Appellees waited too long to file the Petition to Intervene and thus, the trial court erred in granting intervenor status and striking the 2010 Judgment. *See Schriner, et ux. v. Schaffauser, et al. v. Looker Wolfe & Gephart Ins. Agency, et al.*, No. 1762 MDA 2012, unpublished memorandum at 1 (Pa. Super. filed June 18, 2013)).

[9] Walter did not assign his rights against Appellee LWG until On October 1, 2015.  This delayed assignment does not impact the analysis or holding in

Appellants, as Walter's assignees pursuant to the 2010 Assignment, filed their Complaint in the instant action against Appellees ("2011 Lawsuit"). In the Complaint, Appellants allege statutory bad faith, negligence, breach of contract, breach of fiduciary duty, unfair trade practices, and violations of the consumer protection law. *See* Complaint, 9/29/11, at ¶¶ 98-195.

On September 10, 2015, and January 6, 2016, Appellees filed Motions for Summary Judgment, to which Appellants responded. The trial court granted the Motions for Summary Judgment in favor of Appellees and dismissed the Complaint, the counterclaims, and the cross-claims. The trial court also entered Judgment in favor of Appellees and against Appellants.

With respect to the 2010 Judgment, the trial court vacated the Judgment not only in the docket for this action, but also in the docket on which the 2010 Judgment was filed. This timely appeal followed.

Issues Raised on Appeal

Appellants raise the following four issues on appeal:

> 1. Do statutory, constitutional[,] and decisional law prohibit a judge from *sua sponte* vacating Judgment over six years after its entry?
>
> 2. Were Otto Schaffhauser and Louis Schaffhauser co-insureds under the policy?
>
> 3. Did the lower court fail[] to follow **Gray** [**v. Nationwide Mut.Ins. Co.**, 223 A.2d 8 (Pa. 1966)] without any supporting autho[ri]ty, and did not focus on

_____

this case. For purposes of the Memorandum, we will treat the 2011 Assignment as encompassing all of the Appellees.

- 6 -

the insurance agent's and the insurers' bad faith and is a case of first impression nationally wherein an insurer abandoned the insured to save money and decided to "wait to see what steps [Appellants take] after the trial[?]"

4. When [Appellants] entered the March 29, 2010 Judgment, did the size of the Judgment make Walter's interest in the property worthless?

Appellants' Brief at 4.[10]

Order Vacating 2010 Judgment

As a prefatory matter, we reiterate that this is an appeal from the April 22, 2016 Order granting Appellees' Motions for Summary Judgment and vacating the 2010 Judgment.

The trial court vacated the 2010 Judgment in an Order filed in this docket as well as the 2010 docket. Appellants filed Notices of Appeal from both Orders. We have addressed the trial court's decision to vacate the 2010 Judgment in the 2004 Lawsuit in **Schriner v. Otto Schaffhauser, et al.**, No. 853 MDA 2015, and will not repeat that analysis herein. For the reasons stated in that companion Memorandum, we reverse the portion of the trial court's Order filed in the docket for the 2011 Lawsuit that vacated

---

[10] Although not raised as a separate question on appeal, Appellants also argue in their Brief that summary judgment was premature because Preliminary Objections and Appellant's Motion to Amend the Complaint were outstanding. Appellant's Brief at 20, 37. Appellants have not supported this argument with references to the record or to controlling authority. Accordingly, it is waived. *See* Pa.R.A.P. 2119; *J.J. DeLuca Co., Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 411 (Pa. Super. 2012) ("We shall not develop an argument for the appellant, nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived." (citation omitted)).

the 2010 Judgment. We do, however, find that Appellants lack the authority to execute on the 2010 Judgment because Appellants released Walter, Louis, and Otto from all liability arising from the allegations in the 2004 Lawsuit.

<u>Trial Court's Grant of Appellees' Motions for Summary Judgment</u>

In their remaining issues, Appellants challenge the trial court's Order granting summary judgment in Appellees' favor. Our standard of review is well-settled:

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.
>
> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012).

Appellants aver that the lower court erred in granting summary judgment in favor of Appellees because Otto and Louis were co-insureds under Walter's insurance policy, because the court failed to focus on Appellees' bad faith, and because, contrary to the holding in ***Gray v. Nationwide Mut. Ins. Co.***, 223 A.2d 8 (Pa. 1966), the court rejected the validity of the assignment of Louis and Otto's rights to pursue claims against Walter and his insurers. Appellants' Brief at 26, 31-35.

In granting Appellees' Motions for Summary Judgment, the trial court concluded that Appellants, as Walter's assignees, could not establish the elements of a bad faith claim against Appellees. The trial court reasoned that Appellants' bad faith claim failed as a matter of law because Appellants did not possess a Judgment that was enforceable against Walter. It concluded that:

> Appellants cannot seek their 5.1 million dollar judgment, even if it were valid, from [Appellees] because the suit to enforce the judgment against Walter was dismissed with prejudice.
>
> ***
>
> The judgment is not enforceable against Otto and Louis, pursuant to their [2009] [T]ortfeasor [R]elease. The judgment is not enforceable against Walter, because the [2010] action to enforce the judgment against Walter was dismissed with prejudice. Because the suit was dismissed against Walter, the judgment is not enforceable against [LWG and the Insurance Company Appellees]. Consequently, Walter has suffered no injury, because [Appellant's] judgment is unenforceable.

Trial Ct. Op., 4/22/16, at 4-5 (unpaginated).

We agree with the trial court. Viewing the record in the light most favorable to Appellants as the non-moving party, we conclude that the trial court did not err when it granted Appellees' Motions for Summary Judgment. Our review of the record indicates that, as noted by the trial court, Appellants cannot enforce the 2010 Judgment against any party. Appellants cannot enforce the 2010 Judgment against Otto and Louis because Appellants released them from liability in the 2009 Joint Tortfeasor Release.

The Judgment is likewise unenforceable against Walter because, by granting Walter's Motion for Summary Judgment in the 2010 Lawsuit and dismissing Appellants' claims against Walter, the trial court held that Appellants could not enforce the 2010 Judgment against Walter. Since Appellants cannot enforce the 2010 Judgment against Walter, Walter suffered no harm and, therefore, had no bad faith claim to assign to Appellants.

Accordingly, the trial court properly concluded that Appellants' claims fail as a matter of law, and appropriately granted summary judgment in favor of Appellees.

Order affirmed in part and reversed in part.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017